UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

CHAMBERS OF
STEPHANIE A. GALLAGHER
UNITED STATES MAGISTRATE JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-7780
Fax (410) 962-1812

May 2, 2014

LETTER TO COUNSEL:

RE:   *Sylvester L. Hopkins, Jr. v. Commissioner, Social Security Administration*;
      Civil No. SAG-13-1762

Dear Counsel:

On June 18, 2013, the Plaintiff, Sylvester Hopkins, petitioned this Court to review the Social Security Administration's final decision to deny his claim for Supplemental Security Income ("SSI"). (ECF No. 1). I have considered the parties' cross-motions for summary judgment. (ECF Nos. 15, 17). I find that no hearing is necessary. Local Rule 105.6 (D. Md. 2011). This Court must uphold the decision of the agency if it is supported by substantial evidence and if the agency employed proper legal standards. 42 U.S. C. §§ 405(g), 1383(c)(3); *see Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996) (superseded by statute on other grounds). Under that standard, I will deny both motions and remand the case back to the Commissioner. This letter explains my rationale.

Mr. Sylvester Hopkins filed his claim on May 4, 2009, alleging disability beginning on October 31, 2002. (Tr. 262-64). His claim was denied initially on September 25, 2009, and on reconsideration on May 7, 2010 (Tr. 95-98, 120-22, 124-25). A hearing was held on March 2, 2011 before an Administrative Law Judge ("ALJ") (Tr. 73-94). Following this hearing, in an opinion dated March 24, 2011, the ALJ determined that Mr. Hopkins was not disabled within the meaning of the Social Security Act during the relevant time frame. (Tr. 99-115). Mr. Hopkins requested review of the ALJ's decision and submitted additional evidence to the Appeals Council. (Tr. 174, 363-70). The Appeals Council granted the request for review under the "new and material evidence" provision of the regulations, 20 C.F.R. § 416.1470, vacated the ALJ's decision, and remanded the case to the ALJ by Order dated August 26, 2011. (Tr. 117-18). A second hearing was held on November 14, 2012 by a second ALJ (Tr. 34-72) and on January 25, 2013, the ALJ decided Mr. Hopkins has not been under a disability within the meaning of the Social Security Act within the relevant time frame. (Tr. 14-33). The Appeals Council denied Mr. Hopkins's request for review (Tr. 1-4), so the second ALJ's decision constitutes the final, reviewable decision of the agency.

The ALJ found that Mr. Hopkins suffered from the severe impairments of below knee amputation, obesity, diabetes, and affective disorder. (Tr. 19). Despite these impairments, the ALJ determined that Mr. Hopkins retained the residual functional capacity ("RFC") to:

   perform sedentary work as defined in 20 C.F.R. 416.967(a) except he can do no pushing or pulling with his lower extremities, he can do no more than occasional climbing of ramps and stairs, he can never climb ladders, ropes and scaffolds, he can do no balancing, he can do no more than occasional stooping, kneeling, crouching, and crawling; he must avoid all exposure to heights including moving machinery and unprotected heights; and he is limited to routine, repetitive and unskilled tasks with no more than occasional interaction with coworkers in a position with little to no changes in the work setting from day to day and no requirement to set goals independently.

(Tr. 21). The ALJ determined that Mr. Hopkins could not perform his past relevant work as a "moving storage, material handler, and kitchen helper." (Tr. 24). However, considering Mr. Hopkins's age, education, work experience, residual functional capacity, and the testimony of the vocational expert ("VE"), the ALJ determined that there are jobs existing in significant numbers in the national economy that Mr. Hopkins can perform, and that therefore he was not disabled. (Tr. 25-26).

  Mr. Hopkins presents two arguments on appeal. He first argues that the ALJ erred at Step Two of the sequential analysis by failing to designate his carpal tunnel syndrome as severe. Second, Mr. Hopkins argues that the ALJ did not properly assess the opinion of a treating physician. I find that Mr. Hopkins's arguments as to the assessment of the treating physician's opinion is persuasive. Remand is therefore appropriate. In so holding, I express no opinion as to whether the ALJ's ultimate conclusion that Mr. Hopkins is not entitled to benefits is correct or incorrect.

  Beginning with the unpersuasive argument, Mr. Hopkins contends that the ALJ erred at Step Two by failing to classify his carpal tunnel as a severe impairment. Pl's. Mot. 8-10. The claimant need only make a threshold showing at Step Two that an "impairment or combination of impairments . . . significantly limits [his or her] physical or mental ability to do basic work activities" for the ALJ to move onto the subsequent steps in the five-step sequential evaluation process. *See* 20 C.F.R. § 416.920(c). The claimant bears the burden of proving that her impairment is severe. *See Johnson v. Astrue*, No. PWG-10-3139, 2012 WL 203397, at *2 (D. Md. Jan. 23, 2012) (citing *Pass v. Chater*, 65 F.3d 1200, 1203 (4th Cir. 1995)). Because Mr. Hopkins made the threshold showing that other disorders — including his below knee amputation, obesity, diabetes, and affective disorder — constituted severe impairments, the ALJ continued with the sequential evaluation process and considered all of the impairments, both severe and non-severe, that significantly impacted Mr. Hopkins's ability to work. *See* 20 C.F.R. § 404.1523. The ALJ specifically considered records related to Mr. Hopkins's carpal tunnel, but found that after undergoing surgical releases on both hands in May, 2011, that his symptoms diminished. (Tr. 23-24, 813, 817). Thus, any error at Step Two in failing to find carpal tunnel syndrome a severe impairment was harmless.[1]

---

[1] However, because the case is being remanded on other grounds, I recommend that the ALJ clarify the record regarding Mr. Hopkins's carpal tunnel in his left hand. Mr. Hopkins suffered an infection in his

*Sylvester L. Hopkins, Jr. v. Commissioner, Social Security Administration*
Civil No. SAG-13-1762
May 2, 2014
Page 3

Mr. Hopkins next argues that the ALJ failed to accord adequate weight to the opinion of his treating physician, Dr. Bierbaum. Pl.'s Mot. 10. A treating physician's opinion is given controlling weight when two conditions are met: (1) it is well-supported by medically acceptable clinical laboratory diagnostic techniques; and (2) it is consistent with other substantial evidence in the record. *See Craig*, 76 F.3d at 585 (4th Cir. 1996); *see also* 20 C.F.R. §§ 404.1527(c)(2), 416.927(c)(2). In this case, the ALJ assigned "less weight" to Dr. Bierbaum's opinions for two reasons: (1) Dr. Bierbaum's opinion was inconsistent with the opinion of another medical examiner, and (2) that Dr. Bierbaum's opinion was inconsistent with "objective evidence of record[.]" (Tr. 24).

I agree that ALJ provide inadequate explanation as to how Dr. Bierbaum's opinion was inconsistent with other objective evidence on the record. In March, 2011, Dr. Bierbaum completed a medical assessment form proffering his opinion of Mr. Hopkins's limitations. (Tr. 782-86). According to Dr. Bierbaum's assessment, Mr. Hopkins could perform no postural activities, was only able to sit a total of two hours a day, and needed to lie down for seven hours during an eight hour work day. *Id.* The ALJ explained that this opinion was at odds with the consultative examination done by Dr. White, in which she opined Mr. Hopkins could perform sedentary work. (Tr. 24, 693). Additionally, the ALJ explained that Dr. Bierbaum's opinion conflicted with the "objective evidence of record [that] notes only a somewhat abnormal gait and reduced knee range of motion, with no indication that the claimant was as impaired as Dr. Bierbaum opined." (Tr. 24). However, while Dr. White's opinion finds that Mr. Hopkins is able to perform sedentary work, she also reported that "[t]here is evidence on physical exam of hyperesthesia, pain with range of motion, and pain with ambulation in the left lower extremity following left below-the-knee amputation . . . His gait is abnormal, and he favors his left lower extremity . . . He is not able to bear weight normally and symmetrically . . . He does have pain in his left lower extremity and pain with ambulation with his left below-the-knee amputation prosthesis[.]" (Tr. 693). Later, in November, 2011 and March, 2012 Mr. Hopkins received two left lumbar side blocks to help alleviate phantom pain in his left leg. (Tr. 793-95, 914-15). Additionally, at his November, 2012 hearing, Mr. Hopkins testified that he had not worn his prosthesis in the previous two months because of pain, and that when he did wear the prosthesis, on average, he was only able to do so for four hours. (Tr. 44-45). Ultimately, in comparing the record to the opinions of Drs. Bierbaum and White, I find that I am unable to adequately trace the ALJ's logic in discounting Dr. Bierbaum's opinion. He cites to "objective evidence" in giving the opinion less weight without pointing to any specific medical records. (Tr. 24). Therefore, remand is warranted. On remand, the ALJ should provide adequate explanation of

---

right hand after a March 2, 2012 surgical release. (Tr. 971-72). Because of the infection, release surgery on the left hand, planned for April, 2012 was canceled. *Id.* It appears that Mr. Hopkins's right hand healed, and the carpal tunnel symptoms in that hand improved as a result of the surgery. (Tr. 968-69). However, Mr. Hopkins testified that he was unable to afford surgery on the left hand because his insurance was discontinued. (Tr. 46-47). While there are no subsequent records pertaining to the left hand, Mr. Hopkins testified that he still suffers from cramping and tingling in both hands. (Tr. 48-49). Thus, on remand, the ALJ should provide further analysis on whether carpal tunnel symptoms have persisted and resulted in any functional limitations in his ability to use his upper extremities.

*Sylvester L. Hopkins, Jr. v. Commissioner, Social Security Administration*
Civil No. SAG-13-1762
May 2, 2014
Page 4

any functional limitations that stem from Mr. Hopkins's leg pain and use of his prosthesis, and include an analysis of his ability to walk and stand.

Finally, although the plaintiff did not raise the issue, the ALJ's RFC assessment is inadequate in regards to Mr. Hopkins's ability to interact socially with others. The ALJ made a determination that Mr. Hopkins is limited to "no more than occasional interaction with coworkers," (Tr. 21), but did not clearly articulate whether the same evidence impacts Mr. Hopkins's ability to interact with the public. The ALJ considered Mr. Hopkins's bipolar disorder, (Tr. 22), and the fact that Mr. Hopkins's court-ordered treatment for alcohol and cocaine abuse was terminated as he violated his probation by "inappropriately touching female patients," prompting his transfer back to the Anne Arundel County Detention Center. (Tr. 22, 663). Additionally, the ALJ afforded "significant weight" to Dr. Taller's opinion, which noted that Mr. Hopkins "stated he had a short temper, became easily irritated, and did not get along well with people[,]" and that Mr. Hopkins had "moderate limitations in areas of social interaction." (Tr. 23-24, 757-63). The ALJ found that Mr. Hopkins has "moderate difficulties" in social functioning, citing Mr. Hopkins's several arrests for drug related charges, assault, and theft. (Tr. 20). However, it is unclear from the ALJ's written decision what implication the evidence has on whether Mr. Hopkins could work with the public, and whether the ALJ assessed Mr. Hopkins's possible limitations in working with the public. In light of the evidence supporting minimal interaction with co-workers, the ALJ should have also addressed the claimant's ability to interact with the public in the RFC assessment.

For the reasons given above, the Commissioner's Motion for Summary Judgment (ECF No. 17) and Mr. Hopkins's Motion for Summary Judgment (ECF No. 15) will be DENIED. The ALJ's opinion will be VACATED and the case will be REMANDED for further proceedings. The Clerk is directed to CLOSE this case.

Despite the informal nature of this letter, it should be flagged as an opinion. An implementing Order follows.

                                    Sincerely yours,

                                    /s/

                                  Stephanie A. Gallagher
                                  United States Magistrate Judge